IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FRANCENE MASON, §
　§
　　　　Plaintiff, §
　§
v. § CIVIL ACTION NO. H-18-2306
　§
HOME DEPOT U.S.A., INC. and §
NIAL OZTUM, §
　§
　　　　Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Francene Mason ("Plaintiff") asserts claims against defendants Home Depot U.S.A., Inc. ("Home Depot") and Nial Oztum (collectively "Defendants") for negligence and premises liability.[1] Pending before the court are Defendants Home Depot U.S.A., Inc.'s and Nial Oztum's Motion for Summary Judgment and Brief in Support (Docket Entry No. 35) ("Defendants' MSJ") and Plaintiff's Response to Defendant's Motion for Summary Judgment and Counter Motion for Partial Summary Judgment (Docket Entry No. 38) ("Plaintiff's Cross-MSJ"). For the reasons explained below, Defendants' MSJ will be granted, and Plaintiff's Cross-MSJ will be denied.

---

[1] Francene Mason's Original Petition, Request for Disclosures, and Jury Demand ("Original Petition"), Exhibit B-2 to Defendant Home Depot U.S.A., Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, pp. 2, 3-4. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

# I. Factual and Procedural Background

The relevant facts are not disputed. Home Depot operates stores that sell home improvement materials and merchandise. On September 8, 2017, Plaintiff visited a Home Depot store in Sugar Land, Texas.[2] A Home Depot merchandiser, Nial Oztum, was setting up products for display in the main aisle of the store.[3] Oztum brought the products to the main aisle using a large forklift-like machine called an order picker.[4] After parking the order picker in the center of the aisle, he set down the products to unbox them where they were to be displayed.[5] He placed the box of products next to where they were to be displayed and left a narrow space of at most two feet between himself, his work area, and the order picker.[6] Oztum left room on the other side of the aisle for customers to walk around his work area and the order picker.[7]

---

[2]Oral Deposition of Francene Mason ("Plaintiff's Deposition"), Exhibit 2 to Plaintiff's Cross-MSJ, Docket Entry No. 38-2, pp. 11-12.

[3]Oral and Videotaped Deposition of Nial Oztum ("Oztum Deposition"), Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, pp. 6, 8.

[4]Id. at 7-8.

[5]Id. at 8, 14-15, 17.

[6]Id. at 10.

[7]Id. at 10, 30.

Unboxing required cutting clear, half-inch plastic straps from the box.[8] Just after Oztum began cutting the straps, which fell to the ground, Plaintiff walked through the narrow space between Oztum, the box, and the order picker.[9] She tripped on the plastic straps and fell hard on her knees.[10] Plaintiff's deposition testimony states that she saw Oztum cutting the straps from the box before she tripped but does not recall seeing the straps on the ground, the order picker, or exactly how much space was between her and Oztum as she passed.[11] Plaintiff did not feel an extensive injury to her knee that morning, but was treated for a sprained ankle that evening.[12] Several months later she underwent arthroscopic surgery to address knee pain, diagnosed as runner's knee.[13]

On May 29, 2018, Plaintiff filed this action in state court asserting claims in negligence and premises liability against Defendants for injuries she alleges she sustained in the fall.[14]

---

[8]Id. at 17.

[9]Plaintiff's Deposition, Exhibit 2 to Plaintiff's Cross-MSJ, Docket Entry No. 38-2, p. 16; Oztum Deposition, Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, pp. 17-18.

[10]Plaintiff's Deposition, Exhibit 2 to Plaintiff's Cross-MSJ, Docket Entry No. 38-2, pp. 17-18; Oztum Deposition, Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, p. 18.

[11]Plaintiff's Deposition, Exhibit 2 to Plaintiff's Cross-MSJ, Docket Entry No. 38-2, pp. 16-17, 23.

[12]Id. at 20-21, 28-29.

[13]Id. at 37-39.

[14]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-3, pp. 2, 3-4.

Defendants timely removed the action to this court on the basis of diversity jurisdiction.[15] Discovery has concluded.[16] On October 18, 2019, Defendants filed their motion for summary judgment.[17] Plaintiff filed her response and counter-motion on November 8, 2019.[18] Defendants replied on November 15, 2019.[19]

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

---

[15]Notice of Removal, Docket Entry No. 1, p. 1.

[16]Second Amended Docket Control Order, Docket Entry No. 34, p. 2 ¶ 6.

[17]Defendant's MSJ, Docket Entry No. 35.

[18]Plaintiff's Cross-MSJ, Docket Entry No. 38.

[19]Defendant Home Depot U.S.A., Inc.'s Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Home Depot's Reply") (Docket Entry No. 39).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Law and Analysis

Plaintiff asserts three theories of liability: (1) premises defect, (2) negligent activity, and (3) pure negligence.[20] Defendant argues that Plaintiff may only proceed under a premises defect claim, and that under such a claim Defendant is entitled to judgment as a matter of law.[21] Plaintiff argues she may proceed on all of her claims and that she is entitled to a judgment as a matter of law.[22]

**A. Premises Liability and Negligent Activity**

A person injured on another's property may have a premises liability claim or a negligence claim against the property owner. Occidental Chemical Corp. v. Jenkins, 478 S.W.3d 640, 644 (Tex. 2016). Injuries resulting from a premises defect are distinct from injuries resulting from negligent activity, and only one theory of recovery is available for any given set of facts. Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). Plaintiff alleges both theories of recovery; because only one is allowed, the court must decide which theory the facts support.

"The lines between negligent activity and premises liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity." Del Lago Partners,

---

[20]Plaintiff's Cross-MSJ, Docket Entry No. 38, p. 2.

[21]Home Depot's Reply, Docket Entry No. 39, p. 2.

[22]Plaintiff's Cross-MSJ, Docket Entry No. 38, pp. 2, 9.

Inc. v. Smith, 307 S.W.3d 762, 776 (Tex. 2010) (internal quotation marks omitted). To determine on which side of the line a claim falls, Texas courts look to whether the activity that caused the condition was ongoing or had ceased when the injury occurred. Occidental Chemical Corp., 478 S.W.3d at 644; Keetch, 845 S.W.2d at 265. For example, if an injury resulted from a slippery floor after employees had completed whatever task caused the slipperiness, the claim must be brought as a premises defect. See, e.g., Brooks v. PRH Investments, Inc., 303 S.W.3d 920, 924-25 (Tex. App.—Texarkana, 2010, no pet.) (holding that a mopped floor was a premises defect because the mopping employee had finished several minutes prior); Kroger Co. v. Persley, 261 S.W.3d 316, 320-21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that a wet floor was a premises defect where the employee activity alleged to have caused it had occurred at least fifteen minutes prior). But an injury caused directly by an employee while he is moving goods about a store is properly brought as a negligent activity claim. See, e.g., Sibai v. Wal-Mart Stores, Inc., 986 S.W.2d 702, 705-707 (Tex. App.—Dallas 1999, no pet.) (holding that facts that an employee struck the plaintiff with his elbow while moving soft drinks from a shopping cart supported a negligent activity claim).

When Plaintiff's injury occurred, Oztum was present and engaging in the ongoing process of unpacking the box. Plaintiff tripped on the plastic straps moments after Oztum had cut them off

a cardboard box as part of the process of unpacking the box to put up a display. Oztum stated that the straps on the floor were a temporary part of his task of unpacking and he would pick them up when he completed his task. These facts show the alleged injury occurred contemporaneously with Oztum's ongoing activity of unpacking the box. In these circumstances Plaintiff's claim related to the plastic straps is one of negligent activity, not premises defect. See Keetch, 845 S.W.2d at 264.

B.  **General Negligence and Negligent Activity**

Defendant also argues that Plaintiff cannot proceed with both her general negligence and premises negligent-activity claims. However, Defendant does not provide authority to support this argument. Courts must separate premises claims according to whether they are based on a premises defect or a negligent activity because different standards apply. See Occidental Chemical Corp., 478 S.W.3d at 644. There is no such distinction between a negligent activity claim and general negligence; the same principles apply to both. See id. Accordingly, to decide the motions for summary judgment the court must only consider whether there is at least a genuine issue of fact that could establish Home Depot or Oztum acted negligently under general negligence principles.

Plaintiff claims that Oztum negligently caused her injury, and that Home Depot is responsible through respondeat superior or

negligently hiring and supervising Oztum.[23] A plaintiff alleging negligence must demonstrate the existence of a duty, breach of that duty, and damages proximately caused by that breach. Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). The ordinary duty of care is to use the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances. Mitchell v. Missouri-Kansas-Texas Railroad Co., 786 S.W.2d 659, 663 (Tex. 1990) (overruled on other grounds, Union Pacific Railroad Co. v. Williams, 85 S.W.3d 162 (Tex. 2002)). Foreseeability of the harm is the most important factor in determining the existence of a duty. Greater Houston Transportation Co. v. Phillips, 801 S.W.2d 523, 526 (Tex. 1990). Existence of a duty is a question of law, but whether the harm was reasonably foreseeable may involve questions of fact. Mitchell, 786 S.W.2d at 662.

Summary judgment in this case turns on whether it was reasonably foreseeable that a customer would walk over and trip on the plastic straps as Oztum was in the middle of unpacking the products. If so, a duty was owed to take further precautions because a person of ordinary prudence would have done so. Whether there were facts that gave rise to a duty are usually for the fact-finder to decide. Fuqua v. Taylor, 683 S.W.2d 735, 737 (Tex.

---

[23]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-3, pp. 5-6.

App.—Dallas 1984, writ ref'd n.r.e.). If the relevant facts are not disputed, however, the court may decide the issue. Id.

Uncontradicted deposition testimony establishes that Oztum parked the order picker in the middle of the aisle and placed himself and the products on one side of the aisle, leaving a narrow space on that side but adequate room on the other side for customers to go around.[24] Plaintiff saw Oztum and the plastic straps before she passed through the narrow space and tripped.[25] Oztum cut the plastic straps from the box, and they fell to the floor just before Plaintiff walked through and tripped.[26] He had planned to immediately pick them up after finishing his task.[27] Blocking the aisle with the order picker rather than a gate was Oztum's standard practice that he had undertaken many times in moving products to be displayed.[28] In his experience, customers would see the order picker and know to go around.[29] Plaintiff's evidence and account of events does not contradict these facts.

---

[24] Oztum Deposition, Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, pp. 10, 30.

[25] Plaintiff's Deposition, Exhibit 2 to Plaintiff's Cross-MSJ, Docket Entry No. 38-2, p. 16.

[26] Id.; Oztum Deposition, Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, pp. 17-18.

[27] Oztum Deposition, Exhibit 3 to Plaintiff's Cross-MSJ, Docket Entry No. 38-3, pp. 17-18.

[28] Id. at 9-10; 21-22.

[29] Id. at 22.

While she testified in her deposition that she did not remember seeing the order picker, neither her account nor her briefing contend that the order picker was not there.

The large order picker placed very close to Oztum and the product box was a clear signal to customers that they should not pass too close to the ongoing work. While Oztum was aware the plastic straps posed a tripping hazard if left in the aisle, he had no reason to expect that a customer would walk very close to him and trip on the straps moments after they were cut. It is reasonable to expect that customers in a store will see an employee stocking goods using machinery and avoid the work area, especially if an alternate path is easily available. Given the undisputed facts, it was not reasonably foreseeable that a customer would walk through the narrow work space just after the plastic straps fell to the ground and before Oztum had a chance to pick them up.

The court concludes that Oztum had no duty to take further precautions to prevent a customer from walking through his work area and therefore was not negligent as a matter of law. This conclusion forecloses all of Plaintiff's negligence claims because Home Depot's alleged negligence was derivative of Oztum's through respondeat superior and failure to supervise. Accordingly, Defendants' MSJ will be granted.

### IV. Conclusion and Order

For the reasons explained above, Defendants Home Depot U.S.A., Inc.'s and Nial Oztum's Motion for Summary Judgment (Docket Entry

No. 35) is **GRANTED,** and Plaintiff's Counter Motion for Partial Summary Judgment (Docket Entry No. 38) is **DENIED.**

**SIGNED** at Houston, Texas, on this 26th day of November, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE